IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| SHANNON D. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: cv-20-276 |
| | ) | |
| COMERICA BANK | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendant the following:

### INTRODUCTION

1. This is a suit seeking damages, costs, and attorneys fees for Defendant's unlawful conversion of the Plaintiff's money and violations of the Electronic Fund Transfers Act (15 U.S.C. §1693 et seq.).

### PARTIES

2. Plaintiff is a resident citizen of Baldwin County, Alabama and has been so for over two years.

3. Plaintiff is a "consumer" as defined by the Electronic Funds Transfers Act.

4. Defendant is a foreign corporation whose principal address is 1717 Main Street, Dallas, TX 75201.

5. Defendant is a "financial institution" as defined by Reg. E §1005.2(i), as it issues access devices to consumers like the Plaintiff for the purpose of providing electronic funds transfer services.

JURISDICTION AND VENUE

6.   15 U.S.C. §1693m(g) provides this Court with subject matter jurisdiction over this case.

7.   Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.


FACTUAL ALLEGATIONS

8.   Defendant is the issuer of the "Go Program" debit card, a debit card issued to recipients of child support payments.

9.   Defendant issued a Go Program debit card – an "access device" as defined by Regulation E – to Plaintiff for the receipt of Plaintiff's child support payments.

10.   The Plaintiff's benefits have been deposited to her Go Program card account for some time without incident.

11.   However, at some point in March of 2020, an unknown identity thief gained access to the Plaintiff's Go Program account.

12.   On or about March 13, 2020, an IVR Funds Transfer in the amount of $480 was executed against the Plaintiff's Go Program debit card account.

13.   The Plaintiff did not discover the charge until March 16th.

14.   The Plaintiff has never lost possession of her card and never authorized anyone to make this unauthorized charge.

15.   Each of the unauthorized charge was an "error" within the meaning of 12 CFR §1005.11(a)(1)(i) and 15 U.S.C. §1693f(f).

16.   During the days following her discovery of the unauthorized debit, the Plaintiff repeatedly telephoned the Defendant and notified them of the fraud on her account.

17.   These telephone calls were "notices of error" as the term is defined by Reg. E. § 1005.11(b).

18.   The Defendant's calculation of her account balance after the unauthorized transfers was incorrect, and was also an "error" within the meaning of 12 CFR §1005.11(a)(1)(i).

19.   On March 25, 2020, the Defendant mailed the Plaintiff a letter in which she repeated her assertion that the $480 charge was unauthorized.  A copy of the letter is attached as

Exhibit A.

20. The Defendant requested that the Plaintiff complete a fraud questionnaire, which she promptly did and returned to the Defendant. A copy of this letter is attached as Exhibit B.

21. On April 8, 2020, the Defendant mailed the Plaintiff a letter stating that they had made a final determination regarding her dispute, and that they were not going to refund her money. A copy of this letter is attached as Exhibit C.

22. The mailed fraud questionnaire constituted a third "notice of error" within the meaning of the Electronic Fund Transfers Act.

23. Defendant failed to correct the errors within 10 days.

24. Defendant still has not corrected the errors.

25. Defendant failed to provisionally credit Plaintiff's account while it investigated his assertions of errors.

26. The Defendant did not conduct a bona fide dispute into the Plaintiff's claims.

27. Had the Defendant conducted an actual investigation into the Plaintiff's disputes, it would have concluded that the Plaintiff had not authorized the $480 IVR transfer.

28. The truth is that the Defendant did not conduct an actual investigation into the Plaintiff's disputes.

29. The Defendant had no reasonable basis for concluding that the Plaintiff's account was not in error.

30. The Defendant knowingly and willfully concluded that no error had occurred, despite having ample evidence to show that at least one error had indeed occurred.

31. The Plaintiff lives on a limited income, and has no financial resources to fall back on without her child support payments.

32. As a result of the Defendant's conduct, the Plaintiff has suffered significant damages, including but not limited to:

(a) The money that was taken and not returned;

(b) Late fees and interest;

(c) Emotional distress and mental anguish;

(d) Attorneys' fees.

## FIRST CLAIM FOR RELIEF: ELECTRONIC FUND TRANSFERS ACT

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

34. The Electronic Fund Transfers Act ("EFTA") governs debit card transactions such as the ones at issue in this case.

35. The EFTA prescribes a simple and consumer-friendly process for resolving disputes and errors made with respect to debit card accounts. *See 15 U.S.C. § 1693f(f):*

    (a) If the consumer discovers an error in his account, she may dispute the error within 60 days of first receiving documentation of the error; *15 U.S.C. § 1693f(a)*

    (b) the consumer's dispute need only identify the consumer's name and account number, indicate that the consumer believes an error to have occurred, and states the reason he believes an error occurred; *15 U.S.C. § 1693f(a)*

    (c) the dispute may be written or oral, but if the dispute is oral, the financial institution may require written confirmation of the dispute; *15 U.S.C. § 1693f(a)*

    (d) upon receipt of the consumer's dispute, the financial institution must "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within 10 business days; *15 U.S.C. § 1693f(a)*

    (e) the financial institution determines that an error did occur, it must correct the error within one business day; *15 U.S.C. § 1693f(b)*

    (f) if the financial institution cannot complete its investigation within 10 business days, it may request an additional 35 days to complete its investigation; *15 U.S.C. § 1693f(c)*

    (g)  however, if the financial institution requests more than 10 days to complete its investigation, it must "provisionally recredit the consumer's account for the amount alleged to be in error;" *15 U.S.C. § 1693f(c)*

    (h) if the financial institution determines that no error occurred, it must deliver the consumer and an explanation of such determination within three days; *15 U.S.C. § 1693f(d)*

36. If the financial institution fails to comply with any provision of the EFTA, it is liable to the consumer for his actual damages, statutory damages of up to $1000, plus court costs and reasonable attorneys fees. *15 U.S.C. § 1693m(a).*

37. Additionally, the financial institution is liable for treble damages if:

    (a) the court finds that the financial institution failed to provisionally recredit the consumer's account and either failed to make a good faith investigation or concludes no error occurred without having a reasonable basis for such conclusion; OR

    (b) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation. *15 U.S.C. § 1693f(e).*

38. In this case, the financial institution, Comerica Bank, wrongfully decided that no error had occurred, despite having access to more than enough evidence to realize that multiple errors had occurred.

39. It made this determination through a willful neglect of Mrs. Dean's repeated and consistent statements, as well as documentary evidence easily available to them at the time of their "investigation."

40. In other words, Comerica Bank not only failed to conduct a bona fide investigation, but also rejected Mrs. Dean's disputes despite having no reasonable basis for doing so.

41. Plaintiff notified the Defendant of the errors on multiple occasions, including but not limited to:

    (a) The multiple March 2020 telephone calls to the Defendant;

    (b) The March 25, 2020 letter mailed to the Defendant by certified mail;

    (c) The completed fraud questionnaire mailed to the Defendant.

42. Each of these communications was a "notice of error" within the meaning of 12 CFR §1005.11(b).

43. Defendant failed to correct the errors within 10 days of being notified of the errors.

44. Defendant still has not corrected the errors.

45. Defendant failed to provisionally credit Plaintiff's account while it investigated his assertions of errors.

46. Defendant still has not provisionally recredited the Plaintiff's account.

47. The Plaintiff is still without approximately $480 that the Defendant wrongfully took from her.

48. Furthermore, "violations of [15 U.S.C. §1693f] (unlike violations of §1693h) can lead to statutory damages even in the absence of injury." Gale v. Hyde Park Bank, 384 F.3d 451 (7th Cir. 2004).

49. "In no event, however, shall a consumer's liability for an unauthorized transfer exceed the lesser of – (1) $50..." *15 U.S.C. §1693g(a).*[1]

50. Otherwise, "*a consumer incurs no liability from an unauthorized electronic fund transfer." 15 U.S.C. §1693g(e).*

51. The Defendant has wrongfully held the Plaintiff liable for $480 of unauthorized electronic fund transfers – far more than the $50 limit of 15 U.S.C. §1693g(a).

52. "In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized..." *15 U.S.C. §1693g(b).*

53. As a result of the Defendant's own errors, its multiple failures to adequately investigate the Plaintiff's disputes, and its failure to follow the requirements of the EFTA, the Plaintiff has suffered damages, including but not limited to:

    (a) Loss of at least $480, which Defendant wrongfully deducted from Plaintiff's account;

    (b) Consequential damages naturally flowing from the Defendant's failure to provisionally re-credit Plaintiff's account, such as late fees, interest, penalties, and the costs of borrowing from friends and family to make ends meet;

    (c) Consequential damages flowing from the Defendant's failure to correct the errors with respect to Plaintiff's account;

---

1   Though the statute itself imposes no such time limit, Regulation E requires that, in order for the consumer's liability to be limited to $50, the consumer must notify the financial institution of the unauthorized transfer "within two business days after learning of the loss or theft of the access device."  This case does not involve the loss of an access device.

(d) Embarrassment, stress, headache, anxiety, fear, and frustration;

(e) Time spent attempting to correct Defendant's errors;

(f) Attorneys' fees.

54. Pursuant to 15 U.S.C. §1693m(a), the Defendant is liable to the Plaintiff for all actual damages suffered as a result of Defendant's violations of the EFTA, in addition to statutory damages of up to $1,000.

55. As the Defendant failed to provisionally credit Plaintiff's account and failed to undertake a good faith investigation into Plaintiff's disputes, the Defendant is liable to the Plaintiff for three times her actual damages. *15 U.S.C. §1693f(e).*

56. As the Defendant knowingly and willingly concluded that the Plaintiff's account was not in error when such conclusion could not reasonably been drawn from the available evidence, the Defendant is liable to the Plaintiff for three times his actual damages. *15 U.S.C. §1693f(e).*

57. The Defendant is also liable for the costs of this action, plus a reasonable attorneys' fee. *15 U.S.C. §1693m(a)(3).*


## SECOND CLAIM FOR RELIEF: CONVERSION

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

59. The Defendant had no right to take any of the money in Plaintiff's account.

60. Nonetheless, Defendant charged removed $480 from Plaintiff's account without justification in law or contract for doing so.

61. This also was a wrongful taking of the Plaintiff's property, in direct defiance of Plaintiff's sole and immediate right to possess such property.

62. These acts constituted conversion of the Plaintiff's funds.

63. Plaintiff has suffered significant damages as a direct result of such conversion.

64. The Plaintiff gave Defendant numerous opportunities to correct its errors and return Plaintiff's money, but Defendant persisted in its wrongful conduct knowingly.

65. Defendant's conversion of Plaintiff's money in the face of Plaintiff's numerous pleas to return it, was committed with reckless disregard for the Plaintiff's rights.

66. For the conversion of Plaintiff's money, Defendant is liable for actual damages and punitive damages.

### THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT

67. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 above.

68. The relationship between Plaintiff and Defendant was governed by a written contract.

69. Pursuant to the agreement, the Defendant had a duty to hold Plaintiff's money in the account and make it available for use at ATM and point-of-sale transactions. Defendant failed to perform these duties, causing the Plaintiff significant loss of time and money.

70. The agreement also requires Defendant to resolve disputes submitted by its customers, such as the Plaintiff within 45 days.

71. Defendant failed to do so, causing the Plaintiff significant loss of time and money.

72. Defendant has breached its contractual obligations to the Plaintiff and is therefore liable to the Plaintiff for actual and consequential damages.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Court award her the following relief:

A) **A trial by a struck jury;**

B) An award of actual damages, statutory damages, costs, and attorneys' fees for Defendant's violations of the Electronic Funds Transfers Act;

C) An award of treble damages for Defendant's violations of 15 U.S.C. §1693f(e);

D) An award of actual damages and punitive damages for Defendant's conversion of the Plaintiff's property;

E) An award of compensatory damages for Defendants' breach of contract;

F) Such other relief as the Court may deem just and proper.

/s/ Judson E. Crump
Judson E. Crump [crumj0512]
Counsel for Plaintiff
250 Congress Street
Mobile, Alabama 36603
251.272.9148.
judson@judsonecrump.com



**Way2Go Card™ Services**
**P O Box 245997 San Antonio, TX 78224**

Client: AL Dept of HR CSED
Last Name: Dean
First Name, Middle Name: Shannon Deann
Date of Request: 3/25/2020          4884
Way2Go Card™ Number:
Account Number:
Service Request Number:
***Note: If you do not have your Account Number or Service Request Number, please make sure to include the Card Number. You can also obtain this number by calling Customer Service.***

Please complete this form to initiate a dispute related to any authorized transactions on your account. This form must be completed and submitted as soon as possible, but not later than 60 days after the date of the transaction being disputed. Please include a copy of any supporting documents such as receipts, contracts, emails, delivery information, cancellation information, etc, when submitting your request. Your supporting documentation will assist us in our investigation. We will contact you in writing within 10 business days after our receipt of your request to inform you of our decision regarding whether the funds in dispute will be provisionally credited to your account. We will further inform you in writing of our final decision on this dispute.

## REQUEST FOR INVESTIGATION FORM

Check the box below that indicates the nature of your dispute.
***Note: If the required information is not provided, we may not be able to assist you with your dispute.***

| | |
|---|---|
| ☐ | I have returned the merchandise or have not received merchandise/service(s) and requested credit from the merchant. **(Must allow merchant 30 days to post the credit after the return of the merchandise or cancelation of the service)** |
| | • Attach letter stating the specific date and reason for returning the merchandise and the merchant's response to the request for credit. |
| | • Attach proof that the merchandise has been returned (i.e. mail return receipt) |
| | • If merchandise has not been received, please provide dates merchant was contacted and his/response to your inquiry |
| ☐ | The merchant who has not yet posted credit to my account gave me a credit slip, or my credit has posted as a charge on my account. **(Must allow merchant 30 days to post the credit after the return of the merchandise)** |
| | • Attach copy of credit slip |
| ☐ | I cancelled my order with _____, on _____ (date) and my cancellation number (if given) is: _____ **(Claim will not be processed without proof of cancellation)** |
| ☐ | I have been billed for an incorrect amount. **(Claim will not be processed without proof of correct amount of the transaction. Please attach a copy of the receipt)** |
| ☐ | Merchandise was shipped to me has arrived damaged, defective, and/or different from what I ordered. **(Claim will not be processed without proof that the merchandise has been returned, or that there has been an attempt to return to the merchant)** |
| ☐ | I paid for this purchase by other means. **(Claim will not be processed without proof of payment by other means – i.e. credit card statement where charge appears, front and back of cancelled check, cash receipt, etc)** |

**Way2Go Card®** *Dispute Resolution Department*

**Way2Go Card™ Services**
P O Box 245997 San Antonio, TX 78224

Client: AL DEPT OF HR CSED
Last Name: Dean
First Name, Middle Name: Shannon Deann
Date of Request: 3/25/2020
Way2Go Card™ Number:                    4884
Account Number:
Service Request Number:
*Note: If you do not have your Account Number or Service Request Number, please make sure to include the Card Number. You can also obtain this number by calling Customer Service.*

## REQUEST FOR INVESTIGATION FORM

Please list all of the transaction(s) that you are disputing
You may check your account balance online to verify information regarding transaction(s) posted to your account by visiting https://www.goprogram.com

| DATE OF TRANSACTION | MERCHANT NAME | AMOUNT |
|---|---|---|
| 3/13/2020 | IVR Funds Transfer PNC Bank | $480.00 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Way2Go Card® *Dispute Resolution Department*

Way2Go Card™ Services
P O Box 245997 San Antonio, TX 78224

State: AL
Last Name Dean
First Name Middle Name Shannon Deann
Date of Request: 3/25/2020
Way2GO Card Number: 4884
Account Number:
Service Request Number:
Note: If you do not have your Account Number or Service Request Number, please make sure to
include the Card Number. You can also obtain this number by calling Customer Service.

Please note below what the merchant(s) said when you contacted them about the charge(s).

Please provide details below regarding your dispute concerning transaction(s) that have posted to your account.

Comments: On 3/16/2020 I logged into my way2GO online account
and realized someone had done a IVR funds transfer into an
account at PNC Bank on 3/13/2020 from my child support card.
I tried to dispute the transaction on my online way2GO
account and was unsuccessful due to your online web page,
not letting me do so. I then went to my local PNC Bank in
Foley, AL. to see what could be done about the transaction.
They advised me that nothing could be done until I disputed
it with my card company. I made aware to PNC what routing
and account number my funds were tranferred into and was
still told all they could do was forward the information to their
investigation department but still couldn't return money
until dispute was done. I spent hours trying to find a number
to get through to Comerica Bank who issues this card and
had no success. Comerica Bank makes it impossible to get
a human on the phone, even my child support case worker couyld
not get through to you. I would appreciate it if the transaction
can be disputed and my funds returned.
The PNC Bank customers account and routing number
that tranferred the funds off my card is PNC Bank
routing# 267084199
account#: 2383                                    Shannon Dean
                                                  251-
                                                       @yahoo.com

Way2Go Card™ Services
P O Box 245997 San Antonio, TX 78224

Way2Go Card® *Dispute Resolution Department*
*01-OnlineFORM Jan 2011*

**Way2Go Card™ Services**
P O Box 245997 San Antonio, TX 78224

State:
Last Name
First Name Middle Name
Date of Request:
Way2GO Card Number:
Account Number:
Service Request Number:
*Note: If you do not have your Account Number or Service Request Number, please make sure to include the Card Number. You can also obtain this number by calling Customer Service.*

*This portion of the form should only be used by cardholders who are requesting research of (IVR) Funds Transfer that has not deposited to receiving bank account.*

<u>**If you did not process a bank transfer do not use this page.**</u>

*Comments*:_____
_____
_____
_____
_____

### TRANSFER DETAILS

*This portion of the form should only be used by cardholders who are requesting research of (IVR) Funds Transfer that has not deposited to receiving bank account.*
<u>*If you did not process a bank transfer do not fill in this section.*</u>

What was the date of the IVR transfer? _____

**The Bank Information:**

- What was the Bank Account Number? _____

- What was the Bank Routing Number? _____

- What is the Name on the Account? _____

- What was the Amount of Transfer? _____

CARDHOLDER SIGNATURE                PHONE NUMBER                DATE

Way2Go Card® *Dispute Resolution Department*
*01-OnlineFORM  Jan 2011*

Select a Date        ▼        Search By Description or Amount

| Starting balance on 02/25/2020 | Credits: | Debits: | Ending balance on 03/25/2020 |
|---|---|---|---|
| +$815.46 | +$551.42 | -$1,350.41 | **+$16.47** |

| Date | Description ⓘ | Amount |
|---|---|---|
| 03/21/2020 | REVERSAL<br>HGHLWVOGFS TCMH / ELMER , NJ/7410410490 · Cleared | +$0.00 |
| 03/17/2020 | CARD REPLACEMENT FEE<br>/7392461573 · Cleared | -$0.00 |
| 03/16/2020 | PURCHASE<br>/7386936267 · Cleared | +$2.42 |
| 03/16/2020 | PURCHASE<br>HGHLWVOGFS TCMH / ELMER , NJ/7386929642 · Cleared | -$2.42 |
| 03/13/2020 | IVR Funds Transfer<br>/PNC BANK, NA /7378641428 · Cleared | -$480.00 |
| 03/12/2020 | DEPOSIT FROM AL DEPT OF HR CSED / AL CS<br>/7366843878 · Cleared | +$242.48 |
| 03/11/2020 | DEPOSIT FROM AL DEPT OF HR CSED / AL CS<br>/7360980176 · Cleared | +$253.38 |
| 03/06/2020 | PURCHASE<br>WELLS FARGO C/A #06560 / FOLEY , AL/7340645032 · Cleared | -$855.00 |
| 03/04/2020 | DEPOSIT FROM AL DEPT OF HR CSED / AL CS | +$53.14 |

cricket Wi-Fi 📶 🛜          2:35 PM          ✈ 🔋

🔒 tools.usps.com

# USPS Tracking®

**FAQs** >

## Track Another Package  +

Remove ✕

### Tracking Number:
70190700000020431143

Your item has been delivered to an agent at 3:54 am on March 31, 2020 in SAN ANTONIO, TX 78224.



## ⊘ Delivered

March 31, 2020 at 3:54 am
Delivered, To Agent
SAN ANTONIO, TX 78224

**Get Updates** ⌄



**Go Program Payment Processing Service, Customer Account Services**
**P.O. Box 245998, San Antonio, TX 78224-5998**



SHANNON D DEAN
Claim Date: 03/25/2020   Tracking ID: 1-5579878811   Program: GO - EPC

Disputed Transaction Amount: $ 480.00 _____        Posting Date: 3|13|2020

Merchant Name: IVR Funds transfer PNC Bank _____

Disputing more than one item?      Yes      (No)

If yes, attach separate page with the above information, Transaction Amount, Posting Date and Merchant Name.

**Select Type of Dispute** (Check the box below and complete <u>**ONLY ONE**</u> of the dispute types):

☐ **Type of Dispute: Billed Wrong Amount** – I was overcharged for the purchase.

Enclose a copy of the signed sales receipt.

**Valid Transaction Amount:** _____   **Invalid Transaction Amount:** _____   **Posting Date:** _____

☐ **Type of Dispute: Credit Not Given** – The credit did not post to my account.

Enclose a copy of the dated credit slip or notice of credit from the merchant and a detailed explanation of

**Transaction Amount:** _____   **Posting Date:** _____   **Credit Amount Due:** _____

☐ **Type of Dispute: Cancel Service / Membership Cancellation** (i.e.: Internet, Gym Memberships, etc.)

Enclose proof of cancellation such as: a copy of letter, email, or fax informing the merchant of cancellation.

- When did the cardholder contact the merchant to cancel? _____
- Reason for the cancellation? _____
- Date of the cancellation? _____ (must be prior to transaction auth date) Confirmation Number: _____
- Were you advised of a cancellation policy?      Yes      No
- If yes, what cancellation guidelines / policies were shared with you? _____

00205 4075178 000493 000493 0002/0005

3/6

**Go Program Payment Processing Service, Customer Account Services**
**P.O. Box 245998, San Antonio, TX 78224-5998**

SHANNON D DEAN
Claim Date: 03/25/2020  Tracking ID: 1-5579878811  Program: GO - EPC

☐ **Type of Dispute: Merchandise was returned-** You must attempt to return the merchandise prior to initiating a dispute:

Attach signed proof of return credit slip, name and tracking number from mail service provider used to return item, and date mailed.

**Mail Service Provided Used :** _____  **Tracking #:** _____  **Date Returned:** _____

- What was ordered? _____
- What was received? _____
- Reason for returning merchandise:     Damaged?     Defective?     Other :
- Was merchandise suitable for the purpose intended? _____
- Merchant's response to request to return merchandise? _____

☐ **Type of Dispute: Cancel Transaction**

- Were you advised of a cancellation policy:     Yes     No
- If yes, what was this policy? _____
- Cancellation number _____  **(REQUIRED)** Cancellation Date _____

☐ **Type of Dispute: I paid for this purchase by other means.**

You must provide proof of payment by other means such as a copy of cancelled check (front and back), a cash receipt, or a billing statement from another credit card.

X**OTHER**

**Please describe in detail the nature of your dispute in the comments field on <u>PAGE 6</u>:**

4/6

**Go Program Payment Processing Service, Customer Account Services**
**P.O. Box 245998, San Antonio, TX 78224-5998**



SHANNON D DEAN
Claim Date: 03/25/2020  Tracking ID: 1-5579878811  Program: GO - EPC

**If you did NOT process a bank transfer do not use this page go to NEXT PAGE.**

## TRANSFER DETAILS

This portion of the form should only be used by cardholders who are requesting research of (IVR) Funds Transfer that has not deposited to receiving bank account.

**Date of the IVR transfer?** _____

**The Bank Information:**

- **Bank Account Number?** _____

- **Bank Routing Number?** _____

- **Name on the Bank Account?** _____

- **What was the Amount of Transfer?** _____

EPC Investigation Form – GO-v.01

00205 4075178 000495 000495 0004/0005

5/6

**Go Program Payment Processing Service, Customer Account Services**
**P.O. Box 245998, San Antonio, TX 78224-5998**



### SHANNON D DEAN
Claim Date: 03/25/2020  Tracking ID: 1-5579878811  Program: GO - EPC

Please list all of the transaction(s) that you are disputing and any additional details. We encourage you to visit www.goprogram.com to view your Card account balance and transaction history.

**Please provide details below regarding your dispute concerning transaction(s) that have posted to your account in order to research your dispute**

| DATE OF TRANSACTION | MERCHANT NAME | AMOUNT |
|---|---|---|
| 3\|13\|2020 | IVR Funds transfer PNC Bank | $480.00 |
| | | |
| | | |
| | | |
| | | |

| COMMENTS: |
|---|
| See attached page |
| |
| |
| |
| |
| |
| |

00205 4075178 000496 000496 0005/0005

**Exhibit C**

**Go Program Payment Processing Service**
**Customer Account Services**
**PO Box 245998**
**San Antonio, TX 78224-5998**

04/08/2020



>000069 4133928 0001 008235 10Z
SHANNON D DEAN
14871 TROON DRIVE
FOLEY, AL 365350000

Tracking ID: 1-5579878811

Dear SHANNON DEAN,

This letter is to inform you that the Dispute Resolution Department has made a final determination regarding your dispute dated 03/25/2020 in the amount of $480.00, regarding a transfer of funds to a bank account.

- Our records indicate that the funds from your Card account were deposited into a bank account at Pnc Bank, Na, which was indicated in the transfer request.

- Please contact this bank directly at (877) 824-5001 to correct the transfer, since they are the financial institution who received the funds.

- You may request a copy of the documents which were used in determining the final outcome of the dispute investigation by contacting us.

Sincerely,

Dispute Resolution Department
1-888-929-2460